# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Wayne Mansfield, | ) | CASE NO. 1:10CV676 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| Warden of Mansfield Correctional Institute, | ) | |
| | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | ) | |

This action is before the Court upon objections filed by Petitioner Wayne Mansfield, asserting error in the Report and Recommendation ("the R&R") of Magistrate Judge James R. Knepp, II. The Court ADOPTS the R&R (Doc. 19) in its entirety. The Petition is DENIED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). The Court has reviewed *de novo* the R&R as it relates to Mansfield's objection. The objection lack merit.

### I. Analysis

The sole issue in Mansfield's petition revolves around his contention that he did not knowingly and voluntarily waive his Fifth Amendment rights. Mansfield identifies no error in the law set forth in the R&R. Mansfield concedes that the R&R "correctly frames the sole issue"

1

in his petition by noting that Mansfield "argues he lacked the 'full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.'" Doc. 20 at 2.

Mansfield takes issue with one sentence in the 14-page R&R: "These findings however, do not directly rebut the trial court's findings that, *at the time* when Petitioner was questioned in October 2005, his 'written statements and answers, while showing poor grammar and spelling, were reasonably relevant and responsive', he 'showed no signs of intellectual impairment', and his 'poor educational level did not undercut the voluntariness of his statements.'" (emphasis in original). The findings at issue in this statement are 1) Mansfield has an IQ in the mid-50s to mid-60s; 2) he cannot read better than a second-grade child; and 3) he is able to understand spoken words as well as a 4- or 5-year old.

In his objection, Mansfield asserts that his IQ is effectively immutable over time and therefore the idea that his mental functioning was different at the time of his interrogation versus the time of his mental evaluation is erroneous. Mansfield's objection lacks merit for several reasons. First, Mansfield concedes, as he must, that "[t]he underlying police-regulatory purpose of *Miranda* compels that these circumstances be examined, in their totality, *primarily from the perspective of the police*." Garner v. Mitchell, 557 F.3d 257, 263 (6th Cir. 2009) (emphasis added). The "at the time" reference contained in the R&R discusses Mansfield's observable conduct during the police interview. As the proper evaluation focuses upon the interrogator's perspective, it is entirely appropriate to examine Mansfield's conduct at the time of his interrogation.

Mansfield seems to equate IQ with his overall mental functioning. There is no law to support such a comparison. Moreover, as the police had no indication of Mansfield's IQ score, they had no choice but to rely on their direct observations. Mansfield has raised no argument

that these direct observations support his claim that he lacked the mental capacity to waive his rights.

Furthermore, in asserting that changes in time could not alter his mental functioning, Mansfield ignores another point demonstrated by his own procedural history. In August 2006, a report was stipulated to by the parties that indicated Mansfield was incompetent to stand trial. In December 2006, a new report from the same entity indicated that Mansfield was competent to stand trial. As such, the record contains evidence that changes in time and direct observation of Mansfield effect conclusions regarding his mental functioning.

Mansfield's objection lacks merit.

### II. Conclusion

The Court hereby ADOPTS the Report and Recommendation in its entirety. Mansfield's Petition for Habeas Corpus is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. There is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

November 17, 2011 /s/ *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT